IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUANA GOMEZ, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, L.P., *et al.,* | : | |
| *Defendants.* | : | NO. 24-4421 |

MEMORANDUM

Scott, J.                                                                                              February 4, 2025

Plaintiff Juana Gomez filed this slip-and-fall case in the Philadelphia County Court of Common Pleas to recover for the injuries she allegedly sustained when she slipped and fell at a Pennsylvania Walmart. In her Complaint, Plaintiff names as Defendants four Walmart entities: Wal-mart Stores East, L.P., Wal-mart Real Estate Business Trust, Walmart Stores Inc., and Walmart Associates Inc. f/d/b/a, d/b/a Wal-mart Supercenter (hereinafter, "Walmart Defendants"). Plaintiff also named as Defendants three individuals: Lawson Amankwah, the store manager of the relevant Walmart, Ben Chijindu, a store lead and/or management employee at the relevant Walmart, incorrectly identified as "Ben Flaco" (hereinafter, "Ben Chijindu"), and Mari Ramos a/k/a Vilmarie Ramos, a management employee and/or assistant manager at the Walmart (hereinafter, "Mari Ramos") (collectively, "Individual Defendants").

Walmart Defendants and Mr. Amankwah removed the case to federal court, asserting that the Individual Defendants were fraudulently joined, and thus, the requirements for federal diversity jurisdiction were satisfied. Although Plaintiff did not move for remand, Defendants filed Motions to Dismiss the claims against the Individual Defendants (ECF Nos. 8, 11). Cognizant of this Court's independent duty to ensure it has subject matter jurisdiction over this case, the Court finds

that it does not have subject matter jurisdiction, and will, therefore, remand the case to Philadelphia County without ruling on the Motions to Dismiss. An appropriate Order will follow.

## I.     BACKGROUND

As the Court writes primarily for the parties and they are familiar with the facts of this action, this Court will only recite the facts necessary to resolve the instant Motion. Plaintiff, a Pennsylvania resident, initially brought this suit in the Philadelphia County Court of Common Pleas. In her Complaint, Plaintiff alleges that on July 29, 2024, while a business invitee at the Walmart located at 2200 Wheatsheaf Lane in Philadelphia, Pennsylvania, she slipped and fell on a dangerous and/or unsafe condition on the floor (believed to be fruit/produce), which caused her serious and permanent injuries. ECF No. 1, Ex. A, Compl. ¶ 14. Plaintiff claims negligence against certain Walmart Defendants, which are undisputedly not citizens of Pennsylvania, and against Lawson Amankwah, the store manager of the Walmart at issue, Ben Chijindu, a store lead and/or management employee at the Walmart, Mari Ramos, a management employee and/or assistant manager at the Walmart, and Becky Doe. Compl. ¶¶ 8–11.

On August 23, 2024, Walmart Defendants and Mr. Amankwah removed the case to federal court, asserting that this Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1. Even though the citizenship of each of the Individual Defendants is not detailed in the Notice of Removal, it does assert that Plaintiff included each Individual Defendant "for the sole purpose of defeating diversity jurisdiction." ECF No. 1 ¶¶ 28, 31, 34. On August 29, 2024, Defendants filed a Motion to Dismiss the claims asserted against Defendant Lawson Amankwah (ECF No. 8) and then on September 18, 2024, Defendants filed a Motion to Dismiss Ben Chijindu and Mari Ramos, i.e., the remaining Individual Defendants. ECF No. 11. After not receiving any opposition to the Motions, the Court ordered Plaintiff to file responses (ECF No. 12), which Plaintiff complied with

by filing Oppositions on November 26, 2024 (ECF Nos. 13, 14). Thereafter, on December 2, 2024, Defendants filed a Reply in Support of their Motions (ECF No. 15).

## II.      LEGAL STANDARD

A defendant removing a case from state court under Section 1332(a) bears the burden of demonstrating that the opposing parties are citizens of different states and the amount in controversy is satisfied. Fraudulent joinder is "an exception to the requirement that removal be predicated solely upon complete diversity" and allows a defendant to remove an action to federal court if a non-diverse defendant was fraudulently joined solely to destroy diversity jurisdiction. *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). However, if a non-diverse defendant is properly joined, the court must remand the case for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (explaining courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").

The removing party asserting fraudulent joinder has a "heavy burden of persuasion." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Brown v. Jeric*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *In re Briscoe*, 448 F.3d at 217). Stated differently, "[t]o succeed on a claim of fraudulent joinder, the removing party must show that the plaintiff's claim against the non-diverse defendant is 'wholly insubstantial and frivolous.'" *Harris v. Miller's Ale House, Inc.*, No. CV 23-03349, 2023 WL 7544998, at *3 (E.D. Pa. Nov. 13, 2023) (quoting *Batoff*, 977 F.2d at 852). "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident

defendants, the federal court must find that joinder was proper and remand the case to state court." *Ramos v. Wal-Mart Stores, Inc.*, 202 F. Supp. 3d 457, 462 (E.D. Pa. 2016) (quoting *In re Biscoe*, 448 F.3d at 217).

"The district court conducting a fraudulent joinder analysis must consider the complaint at the time the notice of removal was filed, accepting the factual allegations of the complaint as true and resolving any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Ahearn v. BJ's Wholesale Club, Inc.*, No. CV 19-3012, 2020 WL 1308216, at *1 (E.D. Pa. Mar. 18, 2020) (citing *Batoff*, 977 F.2d at 851–52). Moreover, because the "removal statutes are to be strictly construed against removal," the fraudulent joinder exception "should not be invoked lightly." *Neiman v. Apple Inc.*, No. CV 21-2028, 2021 WL 2823078, at *1 (E.D. Pa. July 6, 2021) (citations omitted).

### III. DISCUSSION

Because the Court has an independent duty to ensure subject matter jurisdiction, the Court must evaluate whether the Individual Defendants have been fraudulently joined. Thus, although the pending Motions to Dismiss assert a failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must first determine whether it has subject matter jurisdiction over this case under the less searching fraudulent joinder analysis. *Batoff*, 977 F.2d at 852.

As explained *supra*, in conducting a fraudulent joinder analysis, the Court must determine whether the claims against the Individual Defendants are colorable. "The relevant issue is the legal possibility of the claim, not the merits." *Ahearn*, 2020 WL 1308216, at *3 (quoting *Spangenberg v. McNeilus Truck & Mfg. Inc.*, No. 18-4915, 2019 WL 1930062, at *4 (E.D. Pa. May 1, 2019)). Here, the Motions to Dismiss assert that the claims against the Individual Defendants are not plausible because the Complaint alleges no more than nonfeasance for which they cannot be held liable.

Under Pennsylvania law, corporate employees "can be held liable for 'misfeasance,' i.e., the improper performance of an act, but not for 'mere nonfeasance,' i.e., the omission of an act which a person ought to do." *Gardler v. Wal-Mart Stores, Inc.*, No. CV 18-4689, 2019 WL 2489691, at *5 (E.D. Pa. June 12, 2019) (quoting *Brindley v. Woodland Vill. Rest., Inc.*, 652 A.2d 865, 869 (Pa. Super. Ct. 1995)); *see also Aldorasi v. Crossroads Hosp. & Mgmt. Co., LLC*, 344 F. Supp. 3d 814, 822 (E.D. Pa. 2018) (collecting cases holding that "Pennsylvania courts have routinely applied the [participation] theory to employees and other non-officer agents"). Notably, however, "[c]ourts applying Pennsylvania law have repeatedly recognized that negligence claims against a store manager relating to a slip-and-fall incident are colorable under Pennsylvania law." *Ahearn*, 2020 WL 1308216, at *3 (internal quotations and citations omitted) (collecting cases). Given this case law and in light of the heavy burden placed on the removing party asserting fraudulent joinder, the Court cannot find that each of the negligence claims against the Individual Defendants are "wholly insubstantial or frivolous" such that the Individual Defendants' joinder in this case could be deemed fraudulent. Rather, there remains "a possibility" that the state court would find the Complaint's allegations against the Individual Defendants state a plausible claim for relief.

Therefore, the Court declines to find the claims against the Individual Defendants so wholly insubstantial or frivolous as to rise to the level of fraudulent joinder. Accordingly, the Court does not have jurisdiction and, therefore, the Court must remand this case to the Court of Common Pleas without considering Defendants' Motions.

## IV. CONCLUSION

For the foregoing reasons, the case shall be remanded for lack of subject matter jurisdiction. An appropriate Order will follow.

BY THE COURT:

_____
HON. KAI N. SCOTT
**United States District Court Judge**
